UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATALIA CONNOR, | Case No. 2:25-cv-02306-MMD-BNW |
| Plaintiff, | ORDER |
| v. | |
| KWIAT LV, LLC, *et al.*, | |
| Defendants. | |

## I.    SUMMARY

Plaintiff Natalia Connor initiated a lawsuit in state court, asserting claims arising out of her former employment with Defendants. (ECF No. 1 at 6-18.) Defendants removed based on federal question jurisdiction. (*Id.* at 2.) Plaintiff filed a motion to remand. (ECF No. 14 ("Motion").)[1] For the reasons discussed herein, the Court grants the Motion because Plaintiff's claims arise under state law—not federal law—depriving this Court of federal question jurisdiction.

## II.    DISCUSSION

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the

---

[1]Defendants responded (ECF No. 14) and Plaintiff replied (ECF No. 19).

burden of establishing federal jurisdiction. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

The Court has federal question jurisdiction under 28 U.S.C. § 1331 as to "only those cases in which a well-pleaded complaint establishes either that [1] the federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Potter v. Hughes*, 546 F.3d 1051, 1064 (9th Cir. 2008) (alteration in original) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)). Defendants invoked the former, contending Plaintiff alleges violations of federal laws, "specifically Title VII and the ADA [Americans with Disabilities Act] even though these statutes are not specifically referenced." (ECF No. 1 at 2.)

Plaintiff argues federal question jurisdiction does not exist because her Complaint alleges only violations of state discrimination laws established at NRS §§ 613.330 and 613.340 and potential remedies for those claims under NRS § 613.432. (ECF No. 14 at 4-6.) "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, (1987) (citation omitted). Here, as Plaintiff points out, the three employment discrimination claims—the second, third and fourth claims—allege discrimination and retaliation in violations of Nevada laws established at NRS §§ 613.330 and 613.340.[2] (ECF No. 1 at 11-14.) Defendants counter that Plaintiff "has conceded that she failed to exhaust her administrative remedies" for her state law claims because the EEOC right to use letter relates only to federal claims." (ECF No. 16 at 3.) But any defense Defendants may raise is not basis for removal. *See Caterpillar* 482 U.S at 393 ("[A] case may *not* be removed to federal court on the basis of a federal defense. . .." (emphasis in original)).

---

[2]The first and second claims for relief allege failure to pay wages owed in violation of state law and the sixth claim alleges a state law claim for intentional infliction of emotional distress. (ECF No. 1 at 11-12, 16-17.)

The Complaint asserts only state law claims. Accordingly, the Court agrees with Plaintiff that the Court lacks federal question over this case and will grant the Motion. The Court denies Plaintiff's request for fees and costs because Defendants arguably had a good faith basis to assume Plaintiff asserts federal claims based on the EEOC right to sue letter. (ECF No. 16 at 4.)

III.    **CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Plaintiff's motion to remand (ECF No. 14) is granted.

It is further ordered that this case is remanded and the Clerk of Court is kindly directed to close the case.

DATED THIS 14th Day of January 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3